UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINE GEE,

                Plaintiffs,

       -against-

CYNTHIA BRANN,

                Defendant.

20-CV-7503 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Antoine Gee, who is currently detained at the North Infirmary Command on Rikers Island, submitted a letter to the Court alleging that jail officials are not providing him and other detainees with the means to protect themselves from contracting COVID-19. The names of approximately twenty other detainees are listed at the bottom of Gee's letter.[1] Four of those individuals (Aaron Adderley, Jacob Carasquillo, Juan Rosa, and Eric Rosa) attached signed letters making similar allegations about the facility's allegedly inadequate response to the pandemic. (ECF 1 at 4-8.)[2] None of the detainees paid the filing fee for this action or requested authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, by submitting a signed IFP application and a prisoner authorization.

      For the reasons set forth below, the claims of Antoine Gee, Jacob Carasquillo, Juan Rosa, and Eric Rosa, are severed under Fed. R. Civ. P. 21. The other detainees listed in the letter must file their own complaints with IFP applications and prisoner authorizations.

---

     [1] The bottom of the letter appears to have been cut off during copying. Also, there is a portion of an unsigned letter from David Saez. (ECF 1 at 5.)

     [2] Citations are to the ECF pagination.

## DISCUSSION

Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8

(SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)).

While their claims are similar in nature, each Plaintiff has his own underlying health conditions and his own complaints regarding his detention.

Even if Plaintiffs in this action were properly joined, however, the Court finds that the practical realities of managing this *pro se* multi-prisoner litigation militate against adjudicating the plaintiffs' claims in one action. As *pro se* litigants, Plaintiff may appear only on their own behalf; none may appear as an attorney for the others. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. During the course of this action, each plaintiff would therefore be required to sign any motion or notice filed. But because of the transitory nature of a pretrial detention facility such as Rikers Island, where an inmate could be released or transferred at any time, and because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the Court. Further, this can result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct.

20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint, security considerations, and plaintiffs' likely inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

Based on these logistical issues, the Court concludes that allowing this case to proceed as a multi-plaintiff case would not be fair to the Plaintiffs and would not achieve judicial economy. Allowing each plaintiff to proceed separately on the other hand, would facilitate the fair and efficient disposition of the litigation.

The Court will therefore sever this action into individual cases. Antoine Gee will proceed as the sole plaintiff in this action. The other four Plaintiffs who submitted signed statements – Aaron Adderley, Jacob Carasquillo, Juan Rosa, and Eric Rosa — will each be assigned a new case number.[3] A copy of the complaint (ECF No. 1) and this order will be docketed in each new case. The new cases will proceed independently from this point on, and Plaintiffs will not be regarded as co-plaintiffs, except upon further order of the Court.[4] The other individuals listed on the bottom of the first page of Gee's letter, and Daniel Saez, must submit their own complaints, IFP applications, and prisoner authorizations.

## CONCLUSION

The Court severs the claims of Antoine Gee, Aaron Adderley, Juan Rosa, and Eric Rosa from each other under Fed. R. Civ. P. 21. (ECF 1 at 4-8.) Antoine Gee will proceed as the sole plaintiff in this action.

---

[3] After severance, the Court will issue separate orders directing Plaintiffs to submit IFP applications and prisoner authorizations.

[4] The severance of Plaintiffs' claims into individual cases does not mean that their claims cannot be considered or tried together. If appropriate, the Court can deem the cases related or consolidate them. *See Hagan*, 570 F.3d at 165 n.11.

The Clerk of Court is directed to open separate civil actions with new docket numbers for Aaron Adderley #8951901053, Juan Rosa #3492000481, and Eric Rosa #3491906504, who are housed at the North Infirmary Command, 15-00 Hazen Street, E. Elmhurst, N.Y. 11370, and for Jacob Carasquillo, #1412000084, who is housed at the Otis B. Bantam Center, 16-00 Hazen Street, E. Elmhurst, N.Y. 11370. A copy of the complaint (ECF No. 1) and this order should be docketed in each new case.

The Clerk of Court is directed to mail a copy of this order to Antoine Gee, Aaron Adderley, Juan Rosa, and Eric Rosa and note service on the docket.

SO ORDERED.

Dated: September 17, 2020
        New York, New York

                                    *Louis L. Stanton*
                                    Louis L. Stanton
                                    U.S.D.J.